UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROQUE JACINTO FERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:10CV00084 SNLJ |
| | ) | |
| CHRISTY NICOLE BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter was brought by the petitioner pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Nov. 19, 1980, 19 I.L.M. 1501 (hereinafter the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601-11.  Petitioner sought the return of his minor children, who were brought to the United States by respondent.  On September 1, 2010, and in subsequent orders, the Court ordered the return of the minor children to Panama, their country of habitual residence (#38, #41, #53).  The Court also ordered that the respondent pay the petitioner's necessary expenses, including legal fees, court costs, and transportation costs, as provided by Hague Conventional Article 26, 42 U.S.C. § 11607(b)(3) (#39).  Petitioner has since supplemented his request for attorneys' fees and costs (#42); respondent has filed a response (#49), and petitioner has replied (#51).

The Court notes that respondent had not previously had an opportunity to brief the issue of attorneys' fees, as her Proposed Findings of Fact, Conclusions of Law, Order and Judgment (#37) naturally did not include argument pertaining to attorneys' fees and costs because it presupposed that she prevailed.

Thus, although the Court acknowledges that the petitioner is entitled to substantial fees and costs, the Court will review all the petitioner's submissions and the respondent's arguments in response at this time.

**I.      Legal Standard**

The Hague Convention and ICARA provide for an award of attorneys' fees and costs as follows:

> Any court ordering the return of the child pursuant to an action brought under § 11603 of this Title shall order the Respondent to pay necessary expenses incurred by or on behalf Petitioner, including courts costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless Respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). Courts have been careful to delineate what is authorized and not authorized by the statute. For example, though legal fees and necessary costs for counsel representing a party in the district court are reimbursable, neither fees for consultants nor experts not testifying in person nor fees for counsel in the home country who did not represent a party in the action before this Court are reimbursable under the statute. *Freier v. Freier*, 985 F. Supp. 710, 714 (E.D. Mich. 1997); *see also Distler v. Distler*, 26 F. Supp. 2d 723, 727 (D.N.J. 1998) (permitting petitioner to recover fees for work by foreign counsel for necessary work related to Hague Convention matter, but not for any fees for work related to custody litigation in the petitioner's home country).

**II.     Analysis**

Petitioner requests a total of $43,204.34 be awarded to him in fees and costs. The Court will award petitioner $18,160.67 of those requested fees and costs.

### A. Panamanian Legal Fees and Costs

Petitioner requests $11,000 in "legal" and "custody" fees from three different Panamanian law firms. As already discussed, none of those attorneys represented petitioner in the action before this court. To the extent they were consultants, none testified before this Court. As a result, none of those fees are reimbursable to petitioner.

Petitioner also requests $750.00 for an "authorized translator." Petitioner does not identify the translator nor what "authorized" the translator or how the expense was necessary. Court-appointed interpreter costs would be recoverable, *Freier*, 985 F. Supp. at 713, but that is not the case here. Thus, that cost is not recoverable.

Petitioner requests $500.00 in "investigation fees." Because petitioner has not shown the basis or nature of these fees or how they were a "necessary expense" related to the instant litigation, that cost is not recoverable.

Finally, petitioner has attached invoices and requested reimbursement of fees charged by an expert named Rosaria Isabel Correa Pulice. Fees for experts who do not testify at trial are not recoverable. *Freier*, 985 F. Supp. at 714. Ms. Pulice did not testify; therefore, this cost is not recoverable.

### B. Deposit with St. Louis Counsel

Petitioner lists his $3,000 deposit with his St. Louis counsel. Because presumably this deposit was applied to fees charged by St. Louis counsel, recovering this amount in addition to recovering fees for his St. Louis counsel's work would constitute double recovery. Petitioner does not contend otherwise in his reply. This request will be denied.

### C. Video Deposition Expenses

Petitioner requests $3,270.20 for expenses relating to taking his video deposition in Panama. Petitioner was unable to travel to the United States to testify because, having been deported following serving a prison sentence in Florida, he is prohibited from entering the United States. Respondent argues that these expenses would not have been necessary but for his past conduct which rendered him unable to travel to this country to testify in person. However, had petitioner been able to travel to the United States to testify, respondent would have had to have paid petitioner's travel costs. The sum of $3,270.20 is reasonable under these circumstances, and it will be included in the petitioner's award of fees and costs.

### D. Uncontested Expenses

Petitioner requests $120.00 in Federal Express expenses, $90.00 in locksmith expenses (which were required to unlock the car respondent left at the airport with keys inside when she left Panama with the children), and $40.00 in airport parking expenses (which were required presumably to pay the parking lot where respondent left her car at the airport). Respondent does not contest these expenses, and they will be awarded to petitioner.

### E. St. Louis Counsel's Fees and Costs

Petitioner's request for St. Louis counsel's fees and costs totals $22,334.34 for fees and $599.80 for costs and expenses. Counsel of record charged $260.00 and $350.00 per hour. Counsel also charged travel time between St. Louis and the courthouse in Cape Girardeau, Missouri, where the hearing was held. The Court does not discount either attorney's level of experience, one of whom was a circuit court judge handling family law and other matters for many years. But despite this Court's earlier finding that petitioner's requested attorney fees up to the time of trial were reasonable, the Court now finds that the rates and charges for reasoanble

attorney fees in the Southeastern Division of the Eastern District where this Court is situated is substantially less than those in the St. Louis area.

Attorney David Slaby charges $260.00 per hour and worked 74.2 hours. Counsel did not charge for 13.8 of those hours, so total hours billed were 60.4. Mr. Slaby did not charge for his travel time. To account for the above-discussed circumstances, the Court will permit a per hour fee of $160, totalling $9,664 in fees for Mr. Slaby's work.

Attorney Susan Block charges $350.00 per hour and worked 16.50 hours. Counsel did not charge for 1.5 of those hours, so total hours billed were 15.0. To account for the above-discussed circumstances, the Court will permit a per hour fee of $250 charged against 15 hours, totaling $3,750 for Ms. Block's work.

St. Louis counsel also charged time for four other individuals' work. Petitioner does not include a description of those individuals or their qualifications in his submission. Three of those individuals charged at, near, or under $100 per hour, for a total of $940 for 8.1 hours of work that appears to cover phone calls and clerical activities. Petitioner will be permitted to recover two-thirds of that amount, or $626.67, to account for the above-discussed circumstances. Additionally, one individual identified as "DRT" charged 1.6 hours of time at $270 per hour primarily for research regarding petitioner's Florida conviction and related issues. Because petitioner neither mentions nor justifies that attorney's work, the Court will not permit recovery of that cost.

Thus, petitioner will be permitted to recover for his St. Louis counsel's fees in the amount of $14,040.67. The Court will also grant petitioner's request for his counsel's costs and expenses of $599.80.

      F.      **Fees and Expenses Since The September 1, 2010 Judgment**

Both parties are now in Panama, as are the minor children. Although the parties have not made specific requests for additional fees and expenses since filing their memoranda on September 15, 27, and 29, 2010 (#42, #49, #51), both petitioner and respondent have at various times requested the Court award fees and costs related to post-judgment motion practice. To the extent any such requests are outstanding, the Court denies those requests.

Accordingly,

IT IS HEREBY ORDERED that the Court's Memorandum and Order on Attorney's Fees filed September 1, 2010 (#39) is modified as explained herein.

IT IS FURTHER ORDERED that Petitioner's Supplemental Request for Fees and Costs, filed September 15, 2010 (#42) is GRANTED in part and DENIED in part.

IT IS FINALLY ORDERED that the Respondent shall pay to Petitioner $18,160.67 pursuant to by Hague Conventional Article 26, 42 U.S.C. § 11607(b)(3).

Dated this __23rd__ day of December, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE